UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Northwest Petroleum Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | (Formerly Lake Superior Court |
| United States of America, | ) | Cause No. 45D10-2009-PL-000599) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442(a)(1), defendant United States of America removes to the United States District Court for the Northern District of Indiana, Hammond Division, the action now pending in Lake Superior/Circuit Court as Cause Number 45D10-2009-PL-000599 and states as follows:

1.  On September 14, 2020, the Office of the United States Attorney for the Northern District of Indiana received by mail a summons and complaint in the referenced case. Pursuant to 28 U.S.C. § 1446(a), a copy of the summons and complaint are attached as Exhibit 1 to this Notice of Removal.

2.    Pursuant to 28 U.S.C. § 1442(a)(1), defendant United States of America
      may remove this case to this Court because the case was filed against
      the United States.

3.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed
      as the summons and complaint were "filed within thirty days after the
      receipt by defendant . . . of a copy of the initial pleading setting forth
      the claim for relief. . . ."

                              **CONCLUSION**

For the foregoing reasons, defendant United States of America removes
to the United States District Court for the Northern District of Indiana,
Hammond Division, the case now pending in Lake Superior/Circuit Court as
Cause Number 45D10-2009-PL-000599.

                         Respectfully submitted,

                         THOMAS L. KIRSCH II
                         UNITED STATES ATTORNEY

                         /s/ *Dirk D. De Lor*
                         Dirk D. De Lor
                         Assistant United States Attorney
                         United States Attorney's Office
                         Northern District of Indiana
                         5400 Federal Plaza, Suite 1500
                         Hammond, IN 46320
                         Tel: 219-937-5500
                         Fax: 219-937-5550
                         E-mail: Dirk.De.Lor@usdoj.gov

                         Counsel for United States of America

Exhibit 1

STATE OF INDIANA                    )        LAKE SUPERIOR/CIRCUIT COURT
LAKE COUNTY                         )        CROWN POINT, INDIANA
                                    )
Northwest Petroleum Inc.,           )
        Plaintiff,                  )
                                    )
        v.                          )        CAUSE NO.: 45___-2009-PL-_____
                                    )
United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of   )
Agriculture                          )
        Defendant.                   )

RECEIVED

SEP 1 4 2020

U.S. ATTORNEY'S OFFICE
HAMMOND, IN

**SUMMONS**

The State of Indiana to Defendant:        United States of America, through the Food and
                                          Nutrition Service, an Agency of the United
                                          States Department of Agriculture.
                                          Northern District of Indiana
                                          c/o Civil Process Clerk
                                          Mr. Thomas L. Kirsch
                                          5400 Federal Plaza, Suite 1500
                                          Hammond, IN 46320

You have been sued by the person(s) named "Plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint, which is attached to this document. It also states the demand, which the plaintiffs have made and wants from you.

You must answer the complaint in writing, by you or your attorney, within twenty-three (23) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiffs have demanded.

If you have a claim for relief against the plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.
The following manner of service of summons is hereby designated: **CERTIFIED**

Date: 3/17/20      9/10/2020          _Lorenzo Alsedondo_      Clerk, Lake Circuit/Superior Court (Seal)
Kevin E. Werner – Attorney 22788-49
405 North Main Street, Suite D                             SR
Crown Point, IN 46307
219-226-0590

LAKE COUNTY COURTS
SEAL
INDIANA

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:
        (1)     By delivering a copy of the Summons and a copy of the complaint to the
defendant, _____ on the ____ day of _____, 2020.
        (2)     By leaving a copy of the summons and a copy of the complaint at _____,
the dwelling place or usual place of abode of the said defendant, with a person of suitable age

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indiana

STATE OF INDIANA      )     LAKE SUPERIOR/CIRCUIT COURT
LAKE COUNTY        )     CROWN POINT, INDIANA
                               )
Northwest Petroleum Inc.,     )
    Plaintiff,                 )
                               )
    v.                    )     CAUSE NO.: 45___-2009-PL-_____
                               )
United States of America through the   )
Food and Nutrition Service, an agency  )
of the United States Department of    )
Agriculture                 )
    Defendant.            )

### Complaint for Judicial Review of final Agency Action

Northwest Petroleum Inc. (Northwest) in support of its complaint for judicial review of the United States of America through the Food and Nutrition Service, an agency of the United States Department of Agriculture (USDA) states:

1. This is an action brought under 7 CFR § 279.7 for a trial de novo of the final agency action of the USDA's permanent disqualification of Northwest from participating in the Supplemental Nutrition Assistance Program (SNAP).
2. Jurisdiction of this case is proper under 7 CFR § 279.7 (c).
3. Venue is proper in this District pursuant to 7 CFR § 279.7 (a).
4. Northwest is an Indiana Corporation with its headquarters and principal place of business located in Gary, Indiana.
5. Northwest operates a retail store, GoLo #01 (GoLo) at 3077 Broadway, Gary, Indiana 46409.
6. The GoLo was disqualified from Participation in SNAP by the USDA Administrative Review Branch.
7. Defendant, USDA is a department of the United States of America, and the Food and Nutrition Service is an agency of the USDA.
8. On October 23, 2019, GoLo by its authorized representative, Sureshchandra Patel (Sunny) completed an electronic application for reauthorization of participation in SNAP.

1

18. Northwest Petroleum has owned and operated the GoLo since 2014.
19. Northwest Petroleum has participated in the SNAP for an extended period.
20. The final Agency decision was made by USDA employees who never visited the store or spoke to Sunny before the Final Agency Decision.
21. The assumption in the Final Agency Decision that Northwest Store GoLo knowingly provided false information is mistaken.
22. USDA's Final Agency Decision is simply based on assumption by individuals at the USDA.
23. When the USDA alerted Northwest Petroleum, Northwest took shift and decisive action to address the issue.
24. USDA's Final Agency Decision is wrong.
25. The Final Agency Decision disqualifying GoLo from SNAP will cause irreparable harm by among other things damaging Northwest business reputation and good will, result in a reduction of its customers base, a permanent loss of revenue and a loss of SNAP recipients in the community, which have been served by the store.
26. Further, and what should be most important GoLo being able to continue is in the interest of the broader community.

Northwest Petroleum requests that this court overturn the USDA's permanent disqualification of Northwest Petroleum's rights to participate in SNAP and all other just and proper relief.

Respectfully Submitted,
/s/ Kevin E. Werner
Kevin E. Werner
ID # 22788-49
Attorney at Law
405 North Main Street
Suite D
Crown Point, IN 46307

3

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indiana

STATE OF INDIANA )
LAKE COUNTY )

      )

Northwest Petroleum Inc., )
      Plaintiff, )

      )

      v. )

      )

United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of )
Agriculture )
      Defendant. )

LAKE SUPERIOR/CIRCUIT COURT
CROWN POINT, INDIANA


CAUSE NO.: 45____-2009-PL-_____


**Exhibit 1: May 4, 2020, Notification Letter from USDA Regarding Sanctions**

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC program as a result of your disqualification from SNAP. In accordance with current law governing both the SNAP and the WIC program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program.

In the event you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a civil money penalty (CMP) as provided by the SNAP regulations, at Sections 278.6(f)(2), (3) and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations at 278.6(g).

SNAP regulations at Section 278.6(b) explain your right to reply to the charges, and Sections 278.6(c) through (m), describe the procedures we will follow in making a decision in this case. If you wish to present any information, explanation, or evidence you have regarding these charges, you must reply within 10 days of the date you received this letter.

You may reply either by phone or in writing. You may have legal counsel assist you in presenting your reply. If you or your attorney wish to respond by phone, please make an appointment for this purpose by telephoning Rayan Raymond at (212)-520-7623. If you schedule but fail to keep the appointment, we will consider that action as a non-response to this letter.

Submit any written response

to: Attn: Rayan Raymond
USDA, Food and Nutrition Service
Please email or fax written responses to
Phone: (212) 520-7623 Fax: (844) 500-0411
Email: rayan.raymond@fns.usda.gov

We will fully consider your reply and any documentation you provide before we make a final decision in this matter. However, if we do not hear from you within 10 days of receipt of this letter, we will make a decision based on the information available to us, and advise you of that decision in writing.

Any documentation submitted becomes the property of FNS and will not be returned.

Current SNAP regulations are available online, at
http://www.fns.usda.gov/snap/retailers/store-training.htm.

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indiana

STATE OF INDIANA           )
LAKE COUNTY                )

                           )

Northwest Petroleum Inc.,  )
        Plaintiff,         )

                           )

        v.                 )

                           )

United States of America through the  )
Food and Nutrition Service, an agency )
of the United States Department of    )
Agriculture                           )
        Defendant.                     )

LAKE SUPERIOR/CIRCUIT COURT
CROWN POINT, INDIANA


CAUSE NO.: 45____-2009-PL-_____

**Exhibit 1: May 4, 2020, Notification Letter from USDA Regarding Sanctions**

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC program as a result of your disqualification from SNAP. In accordance with current law governing both the SNAP and the WIC program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program.

In the event you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a civil money penalty (CMP) as provided by the SNAP regulations, at Sections 278.6(f)(2), (3) and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations at 278.6(g).

SNAP regulations at Section 278.6(b) explain your right to reply to the charges, and Sections 278.6(c) through (m), describe the procedures we will follow in making a decision in this case. If you wish to present any information, explanation, or evidence you have regarding these charges, you must reply within 10 days of the date you received this letter.

You may reply either by phone or in writing. You may have legal counsel assist you in presenting your reply. If you or your attorney wish to respond by phone, please make an appointment for this purpose by telephoning Rayan Raymond at (212)-520-7623. If you schedule but fail to keep the appointment, we will consider that action as a non-response to this letter.

Submit any written response

to: Attn: Rayan Raymond
USDA, Food and Nutrition Service
Please email or fax written responses to
Phone: (212) 520-7623 Fax: (844) 500-0411
Email: rayan.raymond@fns.usda.gov

We will fully consider your reply and any documentation you provide before we make a final decision in this matter. However, if we do not hear from you within 10 days of receipt of this letter, we will make a decision based on the information available to us, and advise you of that decision in writing.

Any documentation submitted becomes the property of FNS and will not be returned.

Current SNAP regulations are available online, at http://www.fns.usda.gov/snap/retailers/store-training.htm.

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indiana

STATE OF INDIANA                    )      LAKE SUPERIOR/CIRCUIT COURT
LAKE COUNTY                         )      CROWN POINT, INDIANA
                                    )
Northwest Petroleum Inc.,           )
    Plaintiff,                     )
                                    )
      v.                         )      CAUSE NO.: 45___-2009-PL-_____
                                    )
United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of   )
Agriculture                          )
    Defendant.                      )


**Exhibit 2: May 13, 2020, Response Violation Letter Which Includes the Minutes from the May 4, 2020 Board of Directors and Stock Transfer Agreement.**

**PATRICK A. SCHUSTER**

OF COUNSEL:
**T. CLIFFORD FLEMING**
Direct e-mail: cliff@cliffordfleming.com

1201 N. Main Street
Crown Point, Indiana 46307
Telephone (219) 663-7271
Fax (219) 663-7395
patt@pschusterlaw.com

May 13, 2020

Attn: Rayan Raymond
USDA, Food and Nutrition Service

VIA FACSIMILE AND EMAIL ONLY
(844) 500-0411    rayan.raymond@fns.usda.gov

> RE:    Response to Violation Letter of 5/4/2020
> Golo / Northwest Petroleum, Inc., Gary. IN 46409

Dear Mr. Raymond:

Thank you for the ability to respond to your 10/4/20 violation letter to my client referenced above.

Immediately upon receipt of your violation letter, Sureshchandra Patel, a shareholder of Northwest Petroleum, Inc., contacted me concerning the allegations. I reviewed your letter with him, along with the SNAP program requirements and disqualification standards. He acknowledged that he completed the online renewal application for the business in which he indicated that none of the owners had ever been disqualified from the SNAP Program, but maintained that he was unaware of the disqualification of fellow shareholder Dipakkumar Patel in connection with an unrelated business venture of Dipakkumar several years ago.

At the time this joint business was started in 2014, Sureshchandra indicated that Dipakkumar had no violations or disqualifying events. The mistake he made was in presuming that his status had not changed because he was not made aware of Dipakkumar's disqualifying event. Sureshchandra was never a part of Dipakkumar's disqualified business (Quick Stop Food & Liquor) and Dipakkumar did not reveal that information to Sureshchandra at any time prior to receipt of your May 4, violation letter in this case.

During my initial conversation with Sureshchandra following his receipt of your violation letter, he was adamant that Dipakkumar needed to be removed from any involvement in the Golo business, no matter what the effect on this case. I instructed him to immediately attempt to call an emergency meeting of the three owners to get Dipakkumar's response and see if an agreement could be reached on his exit from the business.

I have attached for your consideration, the minutes of that meeting of the owners and an agreement for the relinquishment by Dipakkumar of any interest he had in the company and its operations which I was asked to prepare on that same day. After personally confirming with Dipakkumar that neither Sureshchandra nor

Thank you for the opportunity to respond to the violation complaint and for taking into consideration the several mitigating factors in connection with my client.

Sincerely yours,

_____
Sureshchandra Patel, Shareholder

_____
Patrick A. Schuster, Attorney
Patrick A. Schuster & Associates, PC
1201 N. Main St.
Crown Point, IN 46307
(219) 663-7271
pat@pschusterlaw.com

## STOCK TRANSFER AND RELINQUISHMENT AGREEMENT

THIS AGREEMENT, dated May 5, 2020, is made by and between SURESHCHANDRA PATEL ("Sureshchandra"), HITESH BHATT ("Hitesh") and DIPAKKUMAR PATEL ("Dipakkumar"), (collectively "Shareholders"), and NORTHWEST PETROLEUM, INC., an Indiana corporation ("Corporation" and/or "Transferee").

WHEREAS, Sureshchandra owns fifty (50) shares of the common capital stock of Northwest Petroleum, Inc., an Indiana corporation ("Corporation"), comprising Thirty-Three and One-Third percent (33⅓%) of the total authorized and outstanding shares of the Corporation; and

WHEREAS, Hitesh owns fifty (50) shares of the common capital stock of Northwest Petroleum, Inc., an Indiana corporation ("Corporation"), comprising Thirty-Three and One-Third percent (33⅓%) of the total authorized and outstanding shares of the Corporation; and

WHEREAS, Dipakkumar owns fifty (50) shares of the common capital stock of Northwest Petroleum, Inc., an Indiana corporation ("Corporation"), comprising Thirty-Three and One-Third percent (33⅓%) of the total authorized and outstanding shares of the Corporation; and

WHEREAS, the Corporation was established on March 18, 2014 by the Shareholders and operates a Golo fuel station and convenience store at 3077 Broadway, Gary, Indiana ("Business"); and

WHEREAS, as part of the Business, participates in the SNAP program administered by the US Department of Agriculture ("USDA"), having qualified therefor on October 22, 2014, and subject to renewal in October, 2019; and

WHEREAS, in addition to his interest in the Corporation, Dipakkumar has maintained an interest in other companies, the ownership and operation of which are separate and independent of Sureshchandra, Hitesh and the Corporation, which participated in the SNAP program; and

WHEREAS, the recent SNAP PROGRAM renewal application for the Corporation submitted on October 23, 2019 was completed by Sureshchandra, indicating the Corporation's officers, owners, members, or management have never been disqualified from the SNAP Program; and

WHEREAS, by a letter dated May 4, 2020 from the USDA, Sureshchandra and Hitesh learned for the first time that Dipakkumar had been disqualified from the SNAP program on September 28, 2015 in connection with a violation at a business previously owned by Dipakkumar, independent of Sureshchandra and Hitesh and of which they had no knowledge, by the name of Quick Stop Food & Liquor Mart; and

WHEREAS, the disqualification of Dipakkumar from the SNAP program occurred after the initial SNAP program application by the Corporation and was unknown to Sureshchandra and Hitesh at the time of the October 2019 SNAP renewal application filed by the Corporation; and

WHEREAS, Sureshchandra and Hitesh consider the failure on the part of Dipakkumar to reveal his 2015 disqualification from the SNAP program in connection with his unrelated business, and placing the Corporation's SNAP program status in jeopardy, to be a material breach of Dipakkumar's obligations to the Corporation and its other shareholders, Sureshchandra and Hitesh; and

WHEREAS, the parties agree that because of the severity of Dipakkumar's violation toward the Corporation and the negative effect upon the Corporation and the other shareholders, Dipakkumar should relinquish all of his interest in the Corporation to the Corporation, without payment or compensation therefor, and that Dipakkumar shall immediately sever all ties with the Corporation and its management.

# PATRICK A. SCHUSTER & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

**PATRICK A. SCHUSTER**

OF COUNSEL:
**T. CLIFFORD FLEMING**
Direct e-mail: cliff@cliffordfleming.com

1201 N. Main Street
Crown Point, Indiana 46307
Telephone (219) 663-7271
Fax (219) 663-7395
pat@pschusterlaw.com

May 12, 2020

Attn: Rayan Raymond
USDA, Food and Nutrition Service

VIA FACSIMILE AND EMAIL ONLY
(844) 500-0411     rayan.raymond@fns.usda.gov

RE:     Golo / Northwest Petroleum, Inc.

Dear Mr. Raymond:

    This is to advise you that Patrick A. Schuster has been retained as attorney to represent us in the matter of Golo / Northwest Petroleum, Inc., Gary, Indiana 46409. Please feel free to communicate with him regarding this matter.

Sincerely yours,

Patrick A. Schuster

APPROVED:

Sureshchandra Patel, Secretary
Northwest Petroleum, Inc.

STATE OF INDIANA )
LAKE COUNTY )
)
Northwest Petroleum Inc., )
    Plaintiff, )
)
    v. )
)
United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of )
Agriculture )
    Defendant. )

LAKE SUPERIOR/CIRCUIT COURT
CROWN POINT, INDIANA

CAUSE NO.: 45___-2009-PL-_____

**Exhibit 3: June 8, 2020, USDA Response Letter Reaffirming the May 4, 2020 Decision**

regulations, nor shall this determination preclude prosecution under any applicable laws.

Your Electronic Benefits Transfer (EBT) processor will be advised to disable your EBT connection. Your EBT machine should be returned to your EBT vendor. If you accept SNAP benefits after the effective date of disqualification, you will be subject to a monetary fine per Section 278.6(m) of the SNAP regulations and possible prosecution under applicable laws.

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the SNAP. In accordance with current law governing both the SNAP and WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program. A CMP from the Supplemental Nutrition Assistance Program may also result in a WIC Program disqualification, but such a disqualification would be subject to administrative and/or judicial review.

In the event you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a civil money penalty (CMP) as provided by the SNAP regulations, at Sections 278.6(f)(2), (3), and (4). The amount of this sale or transfer CMP will be calculated based on SNAP regulations at 278.6(g). We may disclose information to the public when a retailer has been disqualified or otherwise sanctioned for violations after the time for any appeals has expired. This information is limited to the name and address of the store, the owner(s)/officer(s) names and information about the sanction itself.

Current SNAP regulations are available online, at
http://www.fns.usda.gov/snap/retailers/store-training.htm.

If you have questions, please call Rayan Raymond at (212) 520-7623.

Sincerely,


Denise Thomas
Section Chief, Retailer Operation Division
USDA Food and Nutrition Service

STATE OF INDIANA )    LAKE SUPERIOR/CIRCUIT COURT
LAKE COUNTY )    CROWN POINT, INDIANA
 )
Northwest Petroleum Inc., )
    Plaintiff, )
 )
    v. )    CAUSE NO.: 45___-2009-PL-_____
 )
United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of )
Agriculture )
    Defendant. )

**Exhibit 4: June16, 2020, Plaintiff's Request for Administrative Review**

The managing owner submitting the renewal application had no knowledge of the shareholder's other business problem and did not knowingly submit false information on behalf of the firm in the SNAP renewal application. While it is conceded that the application did contain false information inasmuch as it was later learned that a shareholder was disqualified through another business, it was not known to the applying owner and he had no reason to believe that any disqualifying event had taken place in connection with the owner on an unrelated business 5 years earlier. There was nothing knowing or intentional about the misrepresentation and it was made without any knowledge of the firm's managing owner making application.

I have attached the May 13, 2020 materials submitted by the firm to the FNS regional office in response to the charges for your further consideration. Thank you for the opportunity to submit this appeal to the disqualification determination of the regional office.

Sincerely yours,

_____
Sureshchandra Patel, Managing Owner

_____
Patrick A. Schuster, Attorney
Patrick A. Schuster & Associates, PC
1201 N. Main St.
Crown Point, IN 46307
(219) 663-7271
pat@pschusterlaw.com

Hitesh were ever made aware of his SNAP disqualification in 2015 in connection with his unrelated business venture (Quick Stop Food & Liquor Mart), I drafted the enclosed Agreement between the shareholders.

Sureshchandra Patel does not dispute that he answered "No" on question 13a of the renewal application regarding SNAP violations by any owners, but requests your consideration of the fact that the misrepresentation was in no way intentional on his part. While in hindsight it is obvious that the best practice would have been to contact Dipakkumar prior to completing the renewal application, but he simply had no indication that there was any change in his disqualification status since the initial 2014 application and SNAP qualification.

It is certainly worthy of note that Sureshchandra has never had a violation against him and given his immediate reaction to notice of this event, would never have intentionally indicated that Dipakkumar did not have any disqualifications had he been made aware of Dipakkumar's prior offense. Sureshchandra and Hitesh's response in this case offers a lot of support for the fact that had they been aware of Dipakkumar's 2015 disqualification, they would have immediately severed ties with him upon learning of the same.

At most, Sureshchandra was careless in not having Dipakkumar review the renewal application or asking him whether there were any changes since the initial 2014 application that he was not aware of. Given the facts of this case, we would respectfully argue that disqualification of Northwest Petroleum, Inc. and its remaining owners Sureshchandra Patel and Hitesh Bhatt would be disproportionate to the offense, inasmuch as it does not involve any intentional or grossly negligent actions on their part, and given their immediate separation from Dipakkumar upon learning of his disqualification. The facts support the issuance of a warning letter under Sec. 278.6(e)(7). It is respectfully requested that in making your disqualification and penalty determination you consider the Sec. 278.6(d) factors as follows:

1. <u>Nature and Scope of Violations:</u>   There was no intentional misrepresentation on the part of the company in its renewal application. While in hindsight the actions were misguided, it was not necessarily unreasonable for Sureshchandra to assume that the circumstances of owner disqualification had not changed since the initial application as he was not a part of, or aware of, Dipakkumar's independent business that was disqualified. Sureshchandra did not knowingly submit false information on the application concerning their eligibility requirements. The violation does not involve the sale of unauthorized items or the receipt of money in connection with any sales violations.

2. <u>Prior Action by FNS:</u>   There has not been any prior action required or taken by FNS, making this the first sanction for my client's company – having been operating this business since 2014.

3. <u>Other Evidence:</u>   It is worthy of note that the corporation immediately took action to separate the disqualified shareholder from the corporation upon learning of the disqualification. I think it is safe to say that all owners will be consulted on any future application concerning questions which may affect the company's eligibility for the SNAP Program.

# MINUTES OF MEETING OF
# BOARD OF DIRECTORS

### May 5, 2020

Minutes of the emergency special meeting of the Board of Directors of Northwest Petroleum, Inc., held at the office of the corporation at 3077 Broadway, Gary, Indiana, on May 5, 2020 at 12:00 p.m., pursuant to consent to the holding of the meeting by all the Directors and Shareholders of this corporation.

The meeting was called to order by Dipakkumar Patel, President. The following persons were present in person:

> Dipakkumar Patel, President (1/3 shareholder)
> Hitesh Bhatt, Vice President (1/3 shareholder)
> Sureshchandra, Secretary/Treasurer (1/3 shareholder)

Sureshchandra presented the Board with a letter received by the Corporation from the USDA indicating a violation of the SNAP program by the Corporation as a result of a representation in the SNAP renewal application submitted online by Sureshchandra to the USDA. Apparently, Dipakkumar failed to tell anyone that he had a SNAP violation in connection with another business of his in 2015, which was after we started this corporation. His SNAP violation resulted in his disqualification from the SNAP program.

Sureshchandra indicated that he did not know that Dipakkumar was disqualified until he received the USDA letter earlier today and called him to talk about it and to schedule this special emergency meeting. Dipakkumar apologized to the Board for not reporting the disqualification to them, indicating that because it didn't cross his mind to us because it was his separate business of his that didn't involve this company or Sureshchandra or Hitesh.

Discussion was had concerning the situation and the effect upon this company, including the potential effect that Dipakkumar's disqualification could have upon the company, even though the violation indicated by the USDA was the inaccurate reporting of his disqualification in the renewal application, and not his 2015 disqualification itself.

After a lot of discussion, there was a consensus that Dipakkumar should no longer be a part of the corporation and that they should split ways, with Dipakkumar relinquishing his stock to the corporation without any payment to him and that Sureshchandra and Hitesh would continue with the corporation and business without him. In light of nothing being paid to Dipakkumar, they would assume all existing liabilities. Sureshchandra made a motion to that effect which was seconded by Hitesh. The motion was unanimously approved.

At that point, Dipakkumar verbally resigned his director and Board President and it was agreed that Sureshchandra would contact the company's attorney Patrick Schuster immediately following the meeting to prepare a formal shareholder agreement for signatures, and to respond to the USDA letter explaining the situation. Sureshchandra then made a motion to elect Hitesh as President and to operate without a vice-president position and that passed.

There being no further or other business to come before the meeting, the same was on motion duly made, seconded and unanimously carried, adjourned at 12:40 p.m.


| _____ | _____ | _____ |
| Dipakkumar Patel | Hitesh Bhatt | Sureshchandra Patel |

NOW THEREFORE, in consideration of the actions and inactions of Dipakkumar and the damage caused to the Corporation as a result thereof, and other good and valuable consideration, IT IS AGREED AS FOLLOWS:

1. <u>Transfer and Relinquishment of Shares</u>. By execution of this Agreement, Dipakkumar Patel hereby transfers all of the Shares owned by him in the Corporation to the Corporation as Transferee (50 shares), and Transferee hereby acquires all of Dipakkumar Patel's Shares in the Corporation constituting Thirty-Three and One Third percent (33⅓%) of all the issued and outstanding capital stock of the Corporation. As a result of this transfer and relinquishment of Dipakkumar's shares, the ownership of the Corporation is acknowledged by the signature of the remaining shareholders and the Corporation to be as follows:

| | |
|---|---|
| Sureshchandra Patel | 50% (50 shares) |
| Hitesh Bhatt | 50% (50 shares) |

2. <u>Consideration</u>. Dipakkumar and Transferee acknowledge the delivery and receipt of sufficient consideration for the transfer.

3. <u>Prohibition against Future Ownership</u>. It is agreed that Dipakkumar Patel, or any other person or entity on his behalf, is prohibited from having ownership, membership or any management interest in the Corporation.

3. <u>No Further Action Required</u>. Upon execution of this Agreement, Dipakkumar Patel shall be deemed to have relinquished his interest in the Corporation to the Corporation as Transferee without further action by the parties.

Transferor                                          Northwest Petroleum, Inc., Transferee

_____                           By: _____
Dipakkumar Patel                                         Sureshchandra Patel, Director

                                                    By: _____
                                                         Hitesh Bhatt, Director

_____
Sureshchandra Patel, Shareholder

_____
Hitesh, Patel, Shareholder



**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: 1Z09YV302995133106

June 26, 2020

Patrick Schuster, Esq
1201 North Main Street
Crown Point, IN 46307

RE: Dipakkumar K Patel, Sureshchandra Patel, Hitesh Bhatt
 Golo #01
 3077 Broadway
 Gary, IN 46409-1005

Dear Counselor,

The Food and Nutrition Service has received your timely request for administrative review of the adverse action taken against Golo #01 regarding its participation in the Supplemental Nutrition Assistance Program (SNAP). The case number is C0228752.

If your request for review included information or documentation to support your position, then you are under no obligation to provide anything else. However, you are welcome to submit additional information or evidence to support your request. You may e-mail supporting information to lorie.conneen@usda.gov or send it by mail to the address below. This information must be e-mailed or postmarked by July 17, 2020. The administrative review will begin only after the time to submit additional information has passed.

To meet the minimum information requirement, you may reference any previous correspondence with the Retailer Operations Division, all of which will be forwarded to me as part of the administrative review process. If you choose not to send additional information or documentation and your request for administrative review did not include the reason(s) why you think a review is warranted, a review cannot be conducted. In that case, the adverse action taken by the Retailer Operations Division will be final.

If the adverse action was an application denial or permanent disqualification for trafficking, the store cannot be authorized to accept SNAP benefits during the administrative review process. For all other disqualification actions or withdrawals, the store will remain authorized pending the outcome of the review. A Final Agency Decision will be sent to you when the review is complete.

Sincerely,

Lorie Conneen
Administrative Review Officer
1320 Braddock Place, 5th Floor
Alexandria, VA 22314
Phone: (703) 305-2817
Email: lorie.conneen@usda.gov

cc: Appellant

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indiana

STATE OF INDIANA )     LAKE SUPERIOR/CIRCUIT COURT
LAKE COUNTY )     CROWN POINT, INDIANA
)
Northwest Petroleum Inc., )
    Plaintiff, )
)
    v. )     CAUSE NO.: 45____-2009-PL-_____
)
United States of America through the )
Food and Nutrition Service, an agency )
of the United States Department of )
Agriculture )
    Defendant. )

**Exhibit 5: August 12, 2020, Final Agency Review Deceision**

Golo #01,

Appellant,

v.

Retailer Operations Division,

Respondent.

Case Number: C0228752

# FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA). Food and Nutrition Service (FNS) that there is sufficient evidence to support a finding that a permanent disqualification from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Golo #01 (hereinafter "Golo #01" or "Appellant") by the Retailer Operations Division of FNS.

## ISSUE

The issue accepted for review is whether or not the Retailer Operations Division took appropriate action, consistent with 7 CFR § 278.6(e) and § 278.1(o) in its administration of the SNAP, when it imposed a permanent disqualification against Golo #01.

## AUTHORITY

7 U.S.C. 2023 and its implementing regulations at 7 CFR § 279.1 provide that "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

In a letter dated May 4, 2020, the Retailer Operations Division charged the Appellant with providing false or misleading information about a substantive matter in its application for SNAP reauthorization. The Retailer Operations Division determined that the store owner, Sureshchandra Patel, falsified the SNAP reauthorization application when he answered "No" to question 13a on the application. The Retailer Operations Division determined that the Appellant should have answered "Yes" to this question as one of the owners of the Appellant firm, Dipakkumar K. Patel, was permanently disqualified from the SNAP at a different location in

## STANDARD OF REVIEW

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW

The controlling law in this matter is found in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2018 and § 2021), and promulgated through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.1(k) and (o) provide the authority upon which FNS shall deny/withdraw the authorization of any firm that knowingly submits an application containing false or misleading information.

7 U.S.C. § 2021(b)(4) states, in part:

> ...[A] disqualification under subsection (a) shall be...for a reasonable period of time to be determined by the Secretary, including permanent disqualification, on the knowing submission of an application for the approval or reauthorization to accept and redeem coupons that contains false information about a substantive matter that was a part of the application.

7 CFR § 278.1(o) reads:

> *Applications containing false information.* The filing of any application containing false or misleading information may result in the denial of approval for participation in the program, as specified in paragraph (k) of this section, or disqualification of a firm from participation in the program, as specified in § 278.6, and may subject the firm and persons responsible to civil or criminal action.

7 CFR § 278.6(e)(1) states, in part:

> Disqualify a firm permanently if (iii) it is determined that personnel of the firm knowingly submitted information on the application that contains false information of a substantive nature that could affect the eligibility of the firm for authorization in the program.

## APPELLANT'S CONTENTIONS

In the reply to the charge letter and in request for administrative review, the Appellant, through counsel, stated the following summarized contentions, in relevant part:

- The owner, Sureshchandra Patel, acknowledges completing the SNAP application and indicating "No" to question 13a that none of the owners had ever been disqualified from the SNAP. However, the owners, Sureshchandra Patel and Hitesh Bhatt, maintain they

## ANALYSIS AND FINDINGS

It is important to clarify for the record that the purpose of this review is to validate or to invalidate the determination of the Retailer Operations Division, and as such it is limited to consideration of the relevant facts and circumstances at the time of the decision. It is not within the scope of this review to consider actions ownership may take to qualify for participation in the SNAP subsequent to that decision, such as the resignation of Dipakkumar Patel from the corporation and his stock as well as Director and Board President and his transfer and relinquishment of corporation shares. There is no provision in the SNAP regulations for waiver or reduction of an administrative penalty assessment on the basis of after-the-fact or intended corrective actions. The authorization of a store to participate in the SNAP must be in accord with the Act and the regulations, as amended; those requirements of law cannot be waived.

The record reflects that Golo #01 was initially authorized for participation in the SNAP on October 22, 2014. The owner of Golo #01, Sureshchandra Patel, submitted an application for SNAP reauthorization which he signed on October 23, 2019. The Retailer Operations Division determined that the store owner falsified the SNAP reauthorization application when he answered "No" to Question 13a, which reads as follows: Has any officer, owner, partner, member, and/or manager ever been denied, withdrawn, disqualified, suspended, or been fined for SNAP, WIC, business, alcohol, tobacco, lottery, and/or health violations?

The Retailer Operations Division determined that the Appellant should have answered "Yes" to Question 13a of the reauthorization application as an owner of the Appellant firm. Dipakkumar Patel, was an owner of the previously disqualified store, Quick Stop Food & Liquor Mart (FNS# 0432643) located at 409 E 111th Street, Chicago, Illinois 60628. Dipakkumar Patel was permanently disqualified from the SNAP for trafficking on September 28, 2015. The record shows that Dipakkumar Patel is listed as an owner of Golo #01.

The issue in this case is whether a preponderance of the evidence indicates that the Appellant knowingly provided false or misleading information of a substantive nature that could affect Golo #01's eligibility for the SNAP. The Appellant has the ultimate responsibility to guarantee the accuracy and honesty of all information submitted to FNS. From the information provided by the store owner as part of the SNAP reauthorization process, the Appellant withheld from FNS critical eligibility information, specifically information regarding the ownership history of the firm.

The Appellant contends that there has not been any prior action required or taken by FNS making this the first sanction for the company since it began operation in 2014. However, a record of participation in the SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges.

The Appellant contends that the facts support the issuance of a warning letter under Section 278.6(e)(7) of the SNAP regulations. However, there is no agency discretion in the matter of what sanction is to be imposed when a SNAP application that contained false information of a substantive nature regarding SNAP eligibility is involved. Neither the Food and Nutrition Act of

3c2521a64f3821dc

Filed: 9/10/2020 2:10 PM
Clerk
Lake County, Indian

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR/CIRCUIT COURT |
|---|---|---|
| LAKE COUNTY | ) | Case Number: |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.    The party on whose behalf this form is being filed is:
Initiating __x__          Responding ____    Intervening _____; and

the undersigned attorney and all attorneys listed on this form now appear in this case
for the following parties:

  Northwest Petroleum Inc

2.       Attorney information for service as required by Trial Rule 5(B)(2)

Name:   Kevin E. Werner          Atty. Number:      22788-49
Address: 405 North Main Street, Suite D Phone:      (219)226-0590
         Crown Point, IN 46307      FAX:         (219)226-1928
Email:   kevin@kwernerlaw.com

3.       This is a _____ case type as defined in administrative Rule 8(B)(3).

4.       I will accept service from other parties by:
         FAX at the above noted number:  Yes _X___ No ____

         Email at the above noted number:  Yes _X___ No ____

5.       There are related cases: Yes ____ No ____ *(If yes, list on continuation page.)*

6.       Additional information required by local rule:

         _____

7.       There are other party members: Yes ____ No____

8.       This form has been served on all other parties:  Yes___ No___

                           /s/ Kevin E. Werner_____
                           Attorney-at-Law